LAW OFFICES OF GREGORY A. YATES
Gregory A. Yates (Bar No. 63259)
gyates@Gregoryoryayates.net
16830 Ventura Boulevard, Suite 250
Encino, California 91436
Telephone:   (310) 858-6944
Facsimile:    (818) 905-7038

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.W., a minor, by and through her Guardian Ad Litem, STEPHANIE VALENCIA; DEMETRA JOHNSON; and JOHN WEBER, | Case No. CV 18-3684 FMO (AGRx) |
| Plaintiffs, | **SECOND AMENDED COMPLAINT FOR DAMAGES** |
| vs. | |
| COUNTY OF LOS ANGELES; GREGORY VAN HOESEN; and DOES 2-10, inclusive, | |
| Defendants. | |

1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)
2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)
3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)
4. Substantive Due Process—(42 U.S.C. § 1983)
5. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)
6. False Arrest/False Imprisonment
7. Battery (Wrongful Death)
8. Negligence (Wrongful Death)
9. Violation of Bane Act (Cal. Civil Code § 52.1)

**DEMAND FOR JURY TRIAL**

## **COMPLAINT FOR DAMAGES**

1.    Plaintiffs V.W., a minor, by and through her Guardian Ad Litem, STEPHANIE VALENCIA, DEMETRA JOHNSON and JOHN WEBER for their complaint against Defendants COUNTY OF LOS ANGELES, and Does 2-10, inclusive, allege as follows:

## **INTRODUCTION**

2.    This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal police shooting of the DECEDENT, Anthony Weber.

## **PARTIES**

3.    At all relevant times, Anthony Weber ("DECEDENT") was an individual residing in County of Los Angeles, California.

4.    Plaintiff V.W. is a minor individual residing in the County of Los Angeles, California, and is the natural born daughter to DECEDENT.  V.W. sues by and through her natural mother and Guardian Ad Litem, STEPHANIE VALENCIA. V.W. sues both in her individual capacity as the daughter of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT.  V.W. seeks both survival and wrongful death damages under federal and state law.

5.    Plaintiff DEMETRA JOHNSON is an individual residing in the County of Los Angeles, California, and is the natural mother of DECEDENT.  DEMETRA JOHNSON sues in her individual capacity as the mother of DECEDENT.

6.    Plaintiff JOHN WEBER is an individual residing in the County of Los Angeles, California, and is the natural father of DECEDENT.  JOHN WEBER sues in his individual capacity as the father of DECEDENT.

7.    At all relevant times, Defendant COUNTY OF LOS ANGELES ("COUNTY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California.  At all relevant times, COUNTY was the

employer of Defendants Gregory Van Hoesen and DOES 2-4, who were COUNTY sheriff's deputies, DOES 5-6, who were COUNTY sheriff's deputies' supervisorial officers, and DOES 7-10, who were managerial, supervisorial, and policymaking employees of the COUNTY Sheriff's Department.  On information and belief, at all relevant times, DOES 2-10 were residents of County of Los Angeles, California. DOES 2-10 are sued in their individual capacity for damages only.

8.    At all relevant times, Defendants Gregory Van Hoesen and DOES 2-10 were duly authorized employees and agents of COUNTY, who were acting under color of law within the course and scope of their respective duties as sheriff's deputies and with the complete authority and ratification of their principal, Defendant COUNTY.

9.    At all relevant times, Defendants Gregory Van Hoesen and DOES 2-10 were duly appointed officers and/or employees or agents of COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials.

10.   In doing the acts and failing and omitting to act as hereinafter described, Defendants Gregory Van Hoesen and DOES 2-10 were acting on the implied and actual permission and consent of COUNTY.

11.   At all times mentioned herein, each and every COUNTY defendant was the agent of each and every other COUNTY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every COUNTY defendant.

12.   The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

13.   On February 23, 2018, Plaintiffs filed an amended claim for damages with COUNTY pursuant to applicable sections of the California Government Code.

14.   On March 21, 2018, COUNTY rejected Plaintiffs' claims for damages by operation of law.

## JURISDICTION AND VENUE

15.   This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

16.   Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Los Angeles, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

17.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 16 of this Complaint with the same force and effect as if fully set forth herein.

18.   On or about February 4, 2018, DECEDENT was near the 1200 block of 107th Street, in South Los Angeles, California.

19.   Near the 1200 block of 107th Street, Deputy Gregory Van Hoesen  DOES 2-4 discharged their firearms at DECEDENT, striking him several times, including shots to the back and shots from behind, causing DECEDENT serious physical injury and eventually killing him.

20.   At the time of the shooting, DECEDENT was unarmed.  Further, DECEDENT was just 16 years old when he was fatally shot multiple times by Gregory Van Hoesen and DOES 2-4.  At the time of the shooting DECEDENT posed no imminent threat of death or serious physical injury to either DOES 2-4 or

1  any other person, especially since he was unarmed and his hands were visibly

2  empty when he was fatally shot.

3     21.   DECEDENT never verbally threatened anyone prior to being fatally shot by

4  Defendant Gregory Van Hoesen.

5     22.   On information and belief, Defendants Gregory Van Hoesen and DOES 2-4

6  had no information that DECEDENT had committed a felony.

7     23.   After shooting DECEDENT multiple times, Gregory Van Hoesen and

8  DOES 2-4 did not timely summon medical attention for DECEDENT, who was

9  bleeding profusely and had obvious serious injuries, and DOES 2-4 also did not

10  allow and prevented responding medical personnel on-scene to timely render

11  medical aid/assistance to DECEDENT.

12     24.   After the shooting, Defendants Gregory Van Hoesen and DOES 2-4 made

13  false statements to investigators and COUNTY made false statements to the media

14  in attempts to justify the shooting of an unarmed 16 year-old kid.  These false

15  statements include, but are not limited to, falsely stating that DECEDENT was

16  armed with a gun when no gun was recovered, that DECEDENT threatened the

17  involved deputies with the gun when no gun was recovered and multiple witnesses

18  stated they did not see DECEDENT with a gun earlier that day or at the time of the

19  shooting, that DECEDENT had grabbed or was reaching for a gun at the time of the

20  shooting, and that some stranger picked up DECEDENT'S gun from off of the

21  ground after the shooting despite the Defendant deputies ordering onlookers to

22  remain in their apartments and pointing their weapons at onlookers, and witness

23  accounts confirming that it was impossible for anyone to get near DECEDENT.

24  On information and belief, Defendants made these false statements to investigators

25  and to the media in attempts to cover up a bad shooting in which the deputies killed

26  an unarmed 16 year-old boy.

27     25.   In 2017 alone the COUNTY had 58 deputy involved shootings.  On

28  information and belief, most of these shootings were found to be within policy, the

Case No. CV 18-3684 FMO (AGRx)
SECOND AMENDED COMPLAINT FOR DAMAGES

involved deputies were not disciplined, retrained or fired and none of the involved deputies faced any criminal charges relating to these shootings.

26.   On information and belief, COUNTY, including but not limited to, its sheriffs' department, has an unofficial policy, practice and/or custom of finding almost all—if not all—of its deputy involved shootings to be within policy, of not disciplining its deputies involved in shootings, of not retraining or firing deputies involved in shootings, and of not recommending criminal charges against their deputies involved in shootings.  As a result, deputies involved in excessive uses of deadly force are allowed back to patrol the streets even though the COUNTY knows, or should know, that these deputies have a propensity for using excessive deadly force against the citizens that the deputies are supposed to protect and serve. Plaintiffs are even aware of one COUNTY sheriff's deputy named Anthony Forlano who shot 7 separate individuals and was allowed to still patrol the streets, he was never fired and was allowed to retire with all of his benefits.  One of Plaintiffs' attorneys, Dale K. Galipo, represented 3 of the Plaintiffs/DECEDENTs that Deputy Forlano used excessive deadly force against, and defense counsel currently represents Deputy Forlano relating to one of those shootings.  Even when COUNTY deputies have multiple uses of excessive deadly force on their record, these deputies are not retrained, disciplined or fired, and instead, their uses of force are routinely found to be within policy and a significantly high number of people continue to be killed by COUNTY's deputies, with no sign of letting up.

27.   On information and belief, as a result of COUNTY's policy, custom and/or practices, deputies know that if they use deadly excessive force against someone, they will not be disciplined and their use of force will be found within policy, which results in the extremely high number of COUNTY's deputies being involved in so many shootings.  This policy, custom and/or practice was established by supervising and managerial employees of COUNTY, specifically, those employees tasked with determining whether deputy involved shootings fall within policy,

those employees responsible for disciplining, retraining, and firing employees who use excessive force, and for those employees responsible for making recommendations of criminal charges being filed against deputies who use excessive deadly force.

28.   On information and belief, this policy, custom and/or practice has existed for at least the past 10 years, and existed well before DECEDENT was killed by the involved deputies.  This policy, custom and/or practice was established so that COUNTY's deputies do not bear the responsibility for the people that they use excessive deadly force against and to maintain the publics' confidence in the COUNTY's sheriff's department.  This policy, custom and/or practice exists so that the public does not have such a negative perception of the COUNTY and its sheriff's department and so COUNTY's employees can avoid the repercussions associated with using excessive deadly force against someone, including negative publicity, avoiding criminal prosecution, and avoiding civil liability.  A significant reason that this policy, custom and/or practice was established was to avoid COUNTY being liable, under a theory of vicarious liability, for the uses of excessive deadly force by its deputies/employees.  In other words, there is a large financial incentive for COUNTY to find most, if not all, of its deputies' uses of deadly force to be found within policy.  If COUNTY would admit that their deputies were at fault for using excessive deadly force, then COUNTY is well aware of how much they would have to pay for any associated litigation.  In fact, Mr. Galipo alone has prevailed in numerous trials, for millions of dollars, against the COUNTY and its deputies in which the jury found that the COUNTY deputies used excessive force.  *See Mitchell v. Cnty. of Los Angeles*, Case No. 2:03-cv-08421-RJK-AJW, jury verdict of $4 million, *Gutierrez v. Cnty. of Los Angeles*, Case No. 2:10-cv-07608-PSG-AJW, jury verdict of $2 million, *Beets v. Cnty. of Los Angeles*, Case No. KC057667, jury verdict of $1.03 million.

29.   This unwritten policy, custom and/or practice result from the failure of the COUNTY defendants to enforce departmental regulations, thereby creating an atmosphere of lawlessness, and the failure of the COUNTY defendants to provide training, instruction and supervision regarding the lawful use of an officer's firearm and the use of excessive and deadly force.  In other words, COUNTY created, or participated in the creation of, an atmosphere of lawlessness, resulting in the death of the DECEDENT.  Examples of this atmosphere of lawlessness are the secretive gangs or cliques formed by COUNTY deputies and employees whom encourage and celebrate uses of excessive force, including deadly force, aggressive and improper tactics, providing false statements to investigators, falsifying reports, destroying or manipulating evidence and by encouraging a code a silence by its members to cover up the uses of excessive deadly force by members of COUNTY's sheriff's department.  COUNTY's sheriff's department's tolerance of these gangs/cliques contributes to the continued use of excessive force deadly force by its members.  These gangs/cliques have existed within the COUNTY's sheriff's department for several decades and continue to this day.  These gangs/cliques include the white supremacist gang the Vikings from the COUNTY's sheriff's department's Lynwood Station and the Little Devils at the East Los Angeles Station which date back to the 1970's, to the Regulators, the 3000 Boys, the Grim Reapers, Rattlesnakes, Jump Out Boys and the COUNTY's Compton sheriff's station which to this day approximately 20-30 of the COUNTY's deputies/employees all have the same skull tattoo.  These gangs/cliques glorify deputy involved shootings by members of the COUNTY's sheriff's department despite the use of deadly force being excessive and unreasonable and despite the use of deadly force being used against unarmed individuals, who are primarily minorities from low income areas. In fact, a COUNTY commission in 2012 found that the COUNTY's sheriff's department's tolerance of these gangs/cliques contributed to the use of excessive force by members of COUNTY's sheriff's department.

# **FIRST CLAIM FOR RELIEF**

## **Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

(Against Defendants Gregory Van Hoesen and DOES 2-4)

30.   Plaintiffs repeat and reallege each and every allegation in paragraph 1 through 29 of this Complaint with the same force and effect as if fully set forth herein.

31.   Defendants Gregory Van Hoesen and DOES 2-4 caused DECEDENT to be detained and arrested in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

32.   As a result of the conduct of Gregory Van Hoesen and DOES 2-4, they are liable for DECEDENT's injuries because they were either integral participants to the violations of DECEDENT's rights or they failed to intervene to prevent these violations.

33.   The DECEDENT was detained without reasonable suspicion and DOES 2-4 attempted to arrest DECEDENT without probable cause.

34.   The conduct of DOES 2-4 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to DOES 2-4.

35.   Accordingly, Defendants Gregory Van Hoesen and DOES 2-4, are each liable to Plaintiffs for compensatory and punitive damages, including both survival damages and wrongful death damages, under 42 U.S.C. § 1983.

///

///

///

///

## SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)

(Against Defendants Gregory Van Hoesen and DOES 2-4)

36.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 35 of this Complaint with the same force and effect as if fully set forth herein.

37.   DOES2-4's unjustified shooting deprived DECEDENT of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

38.   The unreasonable use of force by Defendant Gregory Van Hoesen and DOES 2-4 deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

39.   As a result, DECEDENT suffered extreme mental and physical pain and suffering, loss of enjoyment of life and eventually suffered a loss of life and of earning capacity.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

40.   As a result of the conduct of DOES 2-4, they are liable for DECEDENT's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

41.   This use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT was unarmed with his hands visibly empty when he was fatally shot, including shots to the back and shots from behind.

Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

42.   The conduct of DOES 2-4 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants Gregory Van Hoesen and Gregory Van Hoesen and DOES 2-4.

43.   Plaintiffs bring this claim as successors-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

44.   Plaintiffs also seek attorney fees under this claim.

### THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants Gregory Van Hoesen and DOES 2-4)

45.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 44 of this Complaint with the same force and effect as if fully set forth herein.

46.    The denial of medical care by Defendants Gregory Van Hoesen and Does 2-4 deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

47.   As a result, DECEDENT suffered extreme mental and physical pain and suffering and eventually suffered a loss of life and earning capacity.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the

remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

48.   Defendants Gregory Van Hoesen and Does 2-4 knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

49.   After shooting DECEDENT multiple times, DOES 2-4 did not timely summon medical attention for DECEDENT, who was bleeding profusely and had obvious serious injuries, and DOES 2-4 also did not allow and prevented responding medical personnel on-scene to timely render medical aid/assistance to DECEDENT.

50.   The conduct of Defendants Gregory Van Hoesen and Does 2-4 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants Gregory Van Hoesen and Does 2-4.

51.   Plaintiffs bring this claim as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

52.   Plaintiffs also seek attorney's fees under this claim.

**FOURTH CLAIM FOR RELIEF**

**Substantive Due Process (42 U.S.C. § 1983)**

(Against Defendants Gregory Van Hoesen and DOES 2-4)

53.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth herein.

54.   DEMETRA JOHNSON had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free

from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

55.  JOHN WEBER had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his son, DECEDENT.

56.  V.W. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her father, DECEDENT.

57.  DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

58.  As a result of the excessive force by DOES 2-4, and their failure to intervene, DECEDENT died.  Plaintiffs DEMETRA JOHNSON, JOHN WEBER and V.W. were thereby deprived of their constitutional right of familial relationship with DECEDENT.

59.  Does 2-4, acting under color of state law, thus violated the Fourteenth Amendment rights of DEMETRA JOHNSON, JOHN WEBER and V.W. to be free from unwarranted interference with their familial relationship with DECEDENT.

60.  The aforementioned actions of DOES 2-4, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs DEMETRA JOHNSON, JOHN

WEBER and V.W., and with purpose to harm unrelated to any legitimate law enforcement objective.

61.   Defendants Gregory Van Hoesen and DOES 2-4, acting under color of state law, thus violated the Fourteenth Amendment rights of DECEDENT and Plaintiffs.

62.   As a direct and proximate cause of the acts of DOES 2-4, DECEDENT experienced severe pain and suffering and lost his life and earning capacity. Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

63.   As a result of the conduct of Does 2-4, they are liable for DECEDENT'S injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

64.   The conduct of DOES 2-4 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants Gregory Van Hoesen and DOES 2-4.

65.   Plaintiffs bring this claim individually and as a successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of both Plaintiffs' and DECEDENT's rights.

66.   Plaintiffs also seek attorney fees under this claim.

## FIFTH CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants DOES 5-10 and COUNTY)

67.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 66 of this Complaint with the same force and effect as if fully set forth herein.

68.   On information and belief Defendants Gregory Van Hoesen and DOES 2-4's shooting of DECEDENT, who was only 16 years old, who was unarmed with his hands visibly empty at the time of the shooting, including shots to the back and shots from behind, was found to be within COUNTY Sheriff's Department policy.

69.   On information and belief Defendants Gregory Van Hoesen and DOES 2-4's shooting of DECEDENT, who was only 16 years old, who was unarmed with his hands visibly empty at the time of the shooting, including shots to the back and shots from behind, was ratified by COUNTY Sheriff's Department supervisorial officers.

70.   On information and belief Defendants Gregory Van Hoesen and Does 2-4 were not disciplined for fatally shooting DECEDENT, who was only 16 years old, who was unarmed with his hands visibly empty at the time of the shooting, including shots to the back and shots from behind.

71.   According to the Los Angeles County's website (www.lacounty.gov), there were 58 deputy-involved shootings in 2017 alone.  On information and belief, most of these shootings were found to be within policy, the involved deputies were not disciplined, retrained or fired and none of the involved deputies faced any criminal charges relating to these shootings.

72.   On and for some time prior to February 4, 2018 (and continuing to the present date) Defendants Gregory Van Hoesen and DOES 5-10, deprived Plaintiffs and DECEDENT of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons

in their class, situation and comparable position in particular, knowingly
maintained, enforced and applied an official recognized custom, policy, and
practice of:

(a)     Employing and retaining as sheriff's deputies and other
        personnel, including Gregory Van Hoesen and DOES 2-4,
        who Defendants DOES 5-10, at all times material herein
        knew or reasonably should have known had dangerous
        propensities for abusing their authority and for mistreating
        citizens by failing to follow written COUNTY Sheriff's
        Department's policies, including the use of excessive force;

(b)     Of inadequately supervising, training, controlling, assigning,
        and disciplining COUNTY sheriff's deputies, and other
        personnel, including Gregory Van Hoesen and DOES 2-4,
        who Defendant COUNTY knew or in the exercise of
        reasonable care should have known had the aforementioned
        propensities and character traits, including the propensity for
        violence and the use of excessive force;

(c)     By maintaining grossly inadequate procedures for reporting,
        supervising, investigating, reviewing, disciplining and
        controlling the intentional misconduct by Defendants
        Gregory Van Hoesen and DOES 2-4, who are sheriff's
        deputies of COUNTY;

(d)     By failing to discipline COUNTY sheriff's deputies'
        conduct, including but not limited to, unlawful detention and
        excessive force;

(e)     By ratifying the intentional misconduct of Defendants
        Gregory Van Hoesen and DOES 2-4, who are sheriff's
        deputies of COUNTY;

(f)   By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, especially individuals of color, and by using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs, and practices of DOES 5-10, were done with a deliberate indifference to individuals' safety and rights; and

(g)   By failing to properly investigate claims of unlawful detention and excessive force by COUNTY sheriff's deputies.

73.   By reason of the aforementioned policies and practices of Defendants DOES 5-10, DECEDENT was severely injured and subjected to pain and suffering and lost his life.

74.   This unwritten policy, custom and/or practice are failure of the COUNTY defendants to enforce departmental regulations, thereby creating an "atmosphere of lawlessness", and the failure of the COUNTY defendants to provide training, instruction and supervision regarding the lawful use of an officer's firearm and the use of excessive and deadly force.  *See Smith v. City of Fontana*, 818 F. 2d 1411, 1420 n.13 (9th Cir. 1987).   In other words, COUNTY created, or participated in the creation of, an atmosphere of lawlessness, resulting in the death of the DECEDENT.

75.   Defendants DOES 5-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies

1   with respect to the constitutional rights of DECEDENT, Plaintiffs, and other

2   individuals similarly situated.

3      76.  By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct

4   and other wrongful acts, Defendants DOES 5-10, acted with an intentional,

5   reckless, and callous disregard for the life of DECEDENT, and DECEDENT's and

6   Plaintiffs' constitutional rights.  Defendants DOES 5-10, each of their actions were

7   willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and

8   unconscionable to any person of normal sensibilities. In addition, Defendant

9   Gregory Van Hoesen and DOES 2-4, after intentionally shooting DECEDENT

10   multiple times and not recovering a gun to substantiate DECEDENT's killing,

11   made false statements to investigators to justify their egregious conduct. In

12   response, Defendants DOES 5-10 condoned Defendants Gregory Van Hoesen and

13   DOES 2-4's conduct by in turn spreading the false statements to the media and

14   public.

15      77.  Furthermore, the policies, practices, and customs implemented and

16   maintained and still tolerated by Defendants DOES 5-10, namely failing to

17   discipline Defendants Gregory Van Hoesen and DOES 2-4 for their intentional

18   conduct. These actions by the COUNTY and DOES 1-5 inculcated in Defendant

19   Gregory Van Hoesen and DOES 2-4 a no-discipline policy for egregious conduct.

20   Therefore, such a mentality, fueled by the County's inadequate customs and

21   policies, was the driving force behind DECEDENT's death and Plaintiffs' injuries.

22      78.  By reason of the aforementioned acts and omissions of Defendants DOES 5-

23   10, Plaintiffs were caused to incur funeral and related burial expenses, and loss of

24   financial support.

25      79.  By reason of the aforementioned acts and omissions of Defendants DOES 5-

26   10, Plaintiffs have suffered loss of love, companionship, affection, comfort, care,

27   society, and future support.

28

80.   Accordingly, Defendants DOES 5-10, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

81.   Plaintiffs seek wrongful death and survival damages under this claim.

82.   Plaintiffs also seek attorney fees under this claim.

## SIXTH CLAIM FOR RELIEF

**False Arrest/False Imprisonment (Cal. Govt. Code § 820 and California Common Law)**

(Wrongful Death)

(Against Defendants Gregory Van Hoesen and DOES 2-4 and COUNTY)

83.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 82 of this Complaint with the same force and effect as if fully set forth herein.

84.   Defendants Gregory Van Hoesen and DOES 2-4, while working as sheriff's deputies for COUNTY, and acting within the course and scope of their duties, intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress when Defendants Gregory Van Hoesen and DOES 2-4  shot DECEDENT multiple times and killed him. Defendants Gregory Van Hoesen and DOES 2-4 intentionally shot at DECEDENT in order to detain him. Defendants Gregory Van Hoesen and DOES 2-4 also detained DECEDENT without reasonable suspicion.  There was an attempt to arrest DECEDENT without probable cause.

85.   DECEDENT did not knowingly or voluntarily consent. On information and belief DECEDENT did not feel that he was free to leave as he lay dying on the ground. By shooting and killing DECEDENT, Defendants Gregory Van Hoesen and DOES 2-4, deprived DECEDENT, who was unarmed and had committed no crime, of his liberty without justification.

86.     The conduct of against DECEDENT by Defendants Gregory Van Hoesen and DOES 2-4, by shooting multiple shots at DECEDENT, was a substantial factor in causing the harm of DECEDENT, namely his death.

87.     COUNTY is vicariously liable for the wrongful acts of Defendants Gregory Van Hoesen and DOES 2-4 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

88.     The conduct of Defendants Gregory Van Hoesen and DOES 2-4 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

89.     Plaintiffs are seeking both survival and wrongful death damages under this claim.

## SEVENTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

(Wrongful Death)

(Against Defendants Gregory Van Hoesen and DOES 2-4 and COUNTY)

90.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 89 of this Complaint with the same force and effect as if fully set forth herein.

91.     DOES 2-4, while working as a sheriff's deputies for the COUNTY Sheriff's Department, and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times.  As a result of the actions of Gregory Van Hoesen and DOES 2-4, DECEDENT suffered severe mental and physical pain and suffering, loss of enjoyment of life and ultimately died from his injuries and lost earning capacity. Gregory Van Hoesen and DOES 2-4 had no legal justification for

using force against DECEDENT and said defendants' use of force while carrying out their officer duties was an unreasonable use of force, especially since DECEDENT was unarmed with his hands visibly empty when he was fatally shot, including shots to the back and from behind.  As a direct and proximate result of defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs also are claiming funeral and burial expenses and a loss of financial support.

92.    COUNTY is vicariously liable for the wrongful acts of Gregory Van Hoesen and DOES 2-4 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

93.    The conduct of Gregory Van Hoesen and DOES 2-4 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages.

94.    Plaintiffs bring this claim both individually and as a successors-in-interest to DECEDENT, and seek both survival and wrongful death damages.

## **EIGHTH CLAIM FOR RELIEF**

### **Negligence (Cal. Govt. Code § 820 and California Common Law)**

(Wrongful Death)

(Against All Defendants)

95.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 94 of this Complaint with the same force and effect as if fully set forth herein.

96.    The actions and inactions of the Defendants were negligent and reckless, including but not limited to:

        (a)    the failure to properly and adequately train employees, including Gregory Van Hoesen and DOES 2-4, with regards to the use of force, including deadly force;

        (b)    the failure to properly and adequately assess the need to detain, arrest, and use force, including deadly force against DECEDENT;

        (c)    the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

        (d)    the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

        (e)    the failure to provide prompt medical care to DECEDENT;

        (f)    the failure to properly train and supervise employees, both professional and non-professional, including Gregory Van Hoesen and DOES 2-4;

        (g)    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT; and

        (h)    the negligent handling of evidence and witnesses.

97.   As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity.  Also as a direct and proximate result of defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs also are claiming funeral and burial expenses and a loss of financial support.

98.   COUNTY is vicariously liable for the wrongful acts of Gregory Van Hoesen and DOES 2-10 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

99.   Plaintiffs bring this claim as a successors-in-interest to DECEDENT, and seek wrongful death damages.

## NINTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

(Against All Defendants)

100.  Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 99 of this Complaint with the same force and effect as if fully set forth herein.

101.  California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion.

102.  Conduct that violates the Fourth Amendment violates the California Bane Act.[1]

103.  Defendants Gregory Van Hoesen and DOES 2-4 use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT was unarmed with his hands visibly empty when he was fatally shot, including shots to the back and shots from behind.  Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

104.  The DECEDENT was detained without reasonable suspicion and Gregory Van Hoesen and DOES 2-4 attempted to arrest DECEDENT without probable cause.  Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

105.  Gregory Van Hoesen and DOES 2-4 intentionally violated DECEDENT's rights under § 1983 by detaining DECEDENT without reasonable suspicion, by attempting to arrest DECEDENT without probable cause, and by using excessive deadly force against DECEDENT, including but not limited to, shooting the unarmed 16 year-old DECEDENT in the back, while his hands were visibly empty. At the time of the shooting DECEDENT did not pose an immediate threat of death or serious bodily injury and DECEDENT never verbally threatened anyone prior to the shooting.  In other words, a reasonable jury could easily find that Gregory Van Hoesen and DOES 2-4 intentionally violated DECEDENT's rights under § 1983 by unlawfully detaining him and attempting to unlawfully arrest him and by shooting DECEDENT in the back while he was unarmed and while his hands were visibly

---

[1] *See Chaudhry v. City of Los Angeles*, 2014 WL 2030195, at * 6 (9th Cir. May 19, 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013).

empty and then by providing false statements to investigators to attempt to justify an unjustified shooting.

106.  Gregory Van Hoesen and DOES 2-4, while working as sheriff's deputies for the COUNTY Sheriff's Department, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of DECEDENT to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

107.  On information and belief, DECEDENT reasonably believed that if he exercised his rights, including his civil rights, DOES 2-4 would commit acts involving violence, threats, coercion, or intimidation against them or their property.

108.   On information and belief Defendants Gregory Van Hoesen and DOES 2-4 detained and injured DECEDENT to prevent him from exercising his rights or retaliated against DECEDENT for having exercised his rights.

109.   DECEDENT was caused to suffer extreme mental and physical pain and suffering and eventually suffered a loss of life and of earning capacity.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

110.   The conduct of Gregory Van Hoesen and DOES 2-4 was a substantial factor in causing the harms, losses, injuries, and damages of DECEDENT and Plaintiffs.

111.   COUNTY is vicariously liable for the wrongful acts of Gregory Van Hoesen and DOES 2-4 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its

employees within the scope of the employment if the employee's act would subject him or her to liability.

112.   The conduct of Gregory Van Hoesen and DOES 2-4 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT entitling Plaintiffs to an award of exemplary and punitive damages.

113.   Plaintiffs bring this claim as successors-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights

114.  The Plaintiffs also seek attorney fees under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants County of Los Angeles, Gregory Van Hoesen**,** and Does 2-10, inclusive, as follows:

A.   For compensatory damages in excess of $10,000,000, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

B.   For funeral and burial expenses, and loss of financial support;

C.   For punitive damages against the individual defendants in an amount to be proven at trial;

D.   For interest;

E.   For reasonable costs of this suit and attorneys' fees; and

F.   For such further other relief as the Court may deem just, proper, and appropriate.

G.   For treble damages under Civil Code Section 52.1.

1

2    DATED:  July 27, 2018          LAW OFFICES OF GREGORY A. YATES

3

4                                   By_____/s/ Gregory A. Yates_____

5                                        Gregoryory A. Yates
                                         Attorneys for Plaintiffs
6

7    DATED:  July 27, 2018

8                                   LAW OFFICES OF DALE K. GALIPO

9

10                                  By_____/s/ Dale K. Galipo_____

11                                       Dale K. Galipo
                                         Eric Valenzuela
12                                       Attorneys for Plaintiffs

13                            **<u>DEMAND FOR JURY TRIAL</u>**

14

15        Plaintiffs hereby demand a trial by jury.

16

17

18   DATED:  July 27, 2018          LAW OFFICES OF GREGORY A. YATES

19

20

21

22                                  By_____/s/ Gregory A. Yates_____

23                                       Gregory A. Yates
                                         Attorneys for Plaintiffs

24

25

26

27

28

DATED:  July 27, 2018          LAW OFFICES OF DALE K. GALIPO


By_____ /s/ Dale K. Galipo_____
          Dale K. Galipo
          Eric Valenzuela
          Attorneys for Plaintiffs